IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLD STANDARD LIFE INSURANCE COMPANY IN REHABILITATION, GARY SMITH, Director of the State of Idaho Department of Insurance, in his capacity as Rehabilitator of Old Standard Life Insurance Company in Rehabilitation, OLD WEST ANNUITY & LIFE INSURANCE COMPANY IN REHABILITATION, and CHRISTINA URIAS, Director of the State of Arizona Department of Insurance in her capacity as Receiver of Old West Annuity & Life Insurance Company in Rehabilitation,<br><br>    Plaintiffs,<br><br>vs.<br><br>DUCKHUNT FAMILY LIMITED PARTNERSHIP, a Nevada limited partnership,<br><br>    Defendants. | ORDER GRANTING CERTIFICATION OF THE COURT'S PREVIOUS ORDER AND DENYING OLD STANDARD'S REQUEST FOR STAYING DUCKHUNT'S ELEVENTH AND THIRTEENTH COUNTERCLAIMS PENDING APPEAL<br><br><br><br><br><br>Case No. 2:05-CV-00536 PGC |
| DUCKHUNT FAMILY LIMITED PARTNERSHIP, a Nevada limited partnership, | |

|  |  |
|---|---|
| Counter-plaintiff,<br><br>vs.<br><br>OLD STANDARD LIFE INSURANCE COMPANY IN REHABILITATION, GARY SMITH, Director of the State of Idaho Department of Insurance, in his capacity as Rehabilitator of Old Standard Life Insurance Company in Rehabilitation, OLD WEST ANNUITY & LIFE INSURANCE COMPANY IN REHABILITATION, and CHRISTINA URIAS, Director of the State of Arizona Department of Insurance in her capacity as Receiver of Old West Annuity & Life Insurance Company in Rehabilitation,,<br><br>Counter-defendants.<br>and<br>AMERICA WEST TITLE AGENCY, INC., a Utah Corporation, LAWYERS TITLE INSURANCE CORPORATION, a Virginia Corporation, and JOHN DOES 1-5<br><br>Third-party defendants. |  |

Plaintiff Old Standard Life Insurance Company in Rehabilitation and Rehabilitator Gary Smith move the court to certify its previous order for interlocutory appeal and stay the eleventh and thirteenth counterclaims pending appeal [#77]. Old Standard also moves to stay the thirteenth counterclaim pending appeal [#75]. Duckhunt opposes these motions. For the reason discussed below, the court GRANTS Old Standard's motion to certify its previous order for interlocutory appeal [#77] and DENIES Old Standard's motion to stay the eleventh and thirteenth

counterclaims [#75, #77].

## BACKGROUND

Familiarity with the court's previous order [#69] is assumed in this order. Previously, both Old Standard and Duckhunt filed competing motions regarding their claims against each other. On October 28, 2005, Old Standard filed its motion to dismiss, remand or stay the Eleventh and Thirteenth counterclaims for relief filed by defendant Duckhunt [#24]. Old Standard claimed that *Younger v. Harris*[1] and/or *Burford v. Sun Oil Co.*[2] required this court to dismiss, remand or stay Duckhunt's declaratory relief and 42 U.S.C. § 1983 claims. It also sought dismissal of Duckhunt's § 1983 claim based on the argument that the Rehabilitator should be accorded absolute immunity for his enforcement of the Idaho state court Rehabilitation Orders.

Duckhunt opposed Old Standard's motion and also filed a motion for partial summary judgment and/or declaratory relief [#34]. Duckhunt contended that *Younger* and *Burford* abstention principles did not apply to its counterclaims and that the Rehabilitator should not be accorded absolute immunity. Duckhunt moved for partial summary judgment and/or declaratory relief from the court for an order that it was not bound by the Idaho state court rehabilitation orders because the Rehabilitator obtained these orders *ex parte* and because Duckhunt was not subject to personal jurisdiction in Idaho. Additionally, Duckhunt contended that the rehabilitation orders had not been domesticated in Utah, and that binding Duckhunt to these

---

[1] 404 U.S. 37 (1971).

[2] 319 U.S. 515 (1943).

rehabilitation orders violated its procedural and substantive due process rights.

After careful consideration, the court denied Old Standard's motions to dismiss, remand or stay Duckhunt's Eleventh and Thirteenth causes of action [#24].  Because the court denied Old Standard's motions, the court also denied as moot Duckhunt's motion for partial summary judgment and/or declaratory relief [#34].  The order specifically denied Old Standard's pending motions and found Duckhunt's pending motions to be moot [#69].

Old Standard now seeks a certification order from the court so that it may take an interlocutory appeal of the court's previous order [#77].  It also seeks to stay Duckhunt's Thirteenth Counterclaim pending appeal [#75], and to stay Duckhunt's Eleventh and Thirteenth Counterclaims pending appeal [#77].  Duckhunt opposes these motions and the matter is now fully briefed.

## DISCUSSION

*A. Certification of the Court's Order is Appropriate.*

Old Standard seeks certification of the court's June 2, 2006, order to permit interlocutory appeal of the court's denial of Old Standard's motion to dismiss, remand or stay Duckhunt's Eleventh and Thirteenth Counterclaims.  Old Standard relies on 28 U.S.C. § 1292(b) to seek the certification order allowing interlocutory appeal of the court's order.  Section 1292(b) sets out specific findings that the court must make in order to certify its order for interlocutory appeal.

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,

he shall so state in writing in such order.[3]

To certify its order for interlocutory appeal, the court must find that the order involves a controlling question of law, upon which there is substantial ground for difference of opinion, that would materially advance termination of the litigation with an immediate appeal.[4] The court finds that this standard is met with respect to the counterclaims, although the question is a close one. Further supporting this conclusion is the fact that Old Standard has already sought interlocutory appeal of the court's denial of absolute immunity. While the court viewed this argument as unavailing, especially given that Old Standard spent only a half a page briefing this argument, the court understands that an appeal is now pending on this issue. It will materially advance this litigation to have the counterclaims issues resolved at the same time. Therefore, in order to simplify litigation, the court will certify its order to be included in the already pending absolute immunity appeal. Therefore, the court finds that its order [#69] "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[5]

*B. Stay Pending Appeal of Duckhunt's Counterclaims is not Appropriate.*

Old Standard has already sought appeal of the court's denial of absolute immunity. Old

---

[3] 28 U.S.C. § 1292(b).

[4] *Homeland Stores v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994).

[5] 28 U.S.C. § 1292(b).

Standard seeks absolute immunity according to *Nixon v. Fitzgerald*[6] and *Timpanogos Tribe v. Conway*.[7] Old Standard's argument on this issue spanned exactly half a page, as it sought absolute immunity for "all persons – governmental or otherwise – who [are] integral parts of the judicial process."[8] Specifically, Old Standard argued that because the Rehabilitator was court-appointed by the state of Idaho, all actions performed by him were performed in executing the appointing court's order and the Rehabilitator "is therefore immune from suit."[9] Old Standard argued that the Tenth Circuit's decision in *T & W Investment Co. v. Kurtz*[10] required any court-appointed receiver to be accorded absolute immunity. It was clear to the court, however, that the "absence of a . . . well developed and pervasive mechanism for controlling [rehabilitator] misconduct weighs against allowing absolute immunity for" the Rehabilitator.[11] Indeed, the court noted that the Tenth Circuit in *Kurtz* held that in "*these circumstances*, at least, the receiver

---

[6] 547 U.S. 731, 742 (1982).

[7] 286 F.3d 1195 (10th Cir. 2002).

[8] Old Standard Memo. in Supp. of Mot. to Dismiss, Remand, or Stay, Docket No. 25, at 11 (October 28, 2005) (quotations and citations omitted).

[9] *Id*.

[10] 588 F.2d 801 (10th Cir. 1978).

[11] *Malley v. Briggs*, 475 U.S. 334, 343 n.5 (1986); *see also Sebastian v. United States*, 531 F.2d 900, 903 n.6 (8th Cir. 1976) ("We do not hold that the unquestioning execution of a judicial directive may never provide a basis for liability against a state officer."); *Czikalla v. Malloy*, 649 F. Supp. 1212, 1214-15 (D. Colo. 1986) (holding that social workers acting pursuant to court order were not entitled to absolute immunity, because the Tenth Circuit's holding in *T & W Investment Co. v. Kurtz*, 588 F.2d 801 (10th Cir. 1978) "did not intend to immunize all persons acting pursuant to any judicial order whatsoever.").

is entitled to share the judge's immunity."[12]  The Tenth Circuit explicitly noted in *Kurtz* that "every action by [the receiver] . . . was known to and approved by the state court judge supervising the receiver."[13]  Additionally, the entity bringing the § 1983 suit "had an opportunity to and did object throughout the state court proceedings."[14]  The court found that Old Standard failed to show any of the conditions described in *Kurtz* to be applicable to this case, so absolute immunity appeared inappropriate.

Additionally, the court noted its belief that Old Standard had forfeited any judicial immunity argument by bringing broad claims for relief in this court, including claims for which Duckhunt raised its compulsory counterclaims.  Fed. Rule of Civil Procedure 13(a) "requires a defendant to plead any counterclaim which 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.'"[15]  The court noted that the existence of compulsory counterclaims is powerful enough to waive the sovereign immunity of the United States.  In the bankruptcy context, the government must plainly waive sovereign immunity from compulsory counterclaims brought against governmental claims.[16]  When "the

---

[12] *Id*. at 803 (emphasis added).

[13] *Id*.

[14] *Id*.

[15] *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) (quoting Fed. R. Civ. P. 13(a)).

[16] 11 U.S.C. §§ 101(4)(A) and 106(a); *see United States v. Nordic Village*, 503 U.S. 30, 34-35 (1991); *Hoffman v. Conn. Dep't of Income Maintenance*, 492 U.S. 96, 112 (1989).

state becomes the actor and files a claim against the bankruptcy fund, it waives any immunity which it otherwise might have had respecting the adjudication of the claim."[17]  The court found that the Eleventh and Thirteenth counterclaims arose out of the same transaction at issue in Old Standard's suit, and it was therefore clear that Duckhunt would have lost its ability to bring these claims if it had not brought them as counterclaims in this suit.  Given that the court found Duckhunt's claims were compulsory counterclaims, the court also found that Old Standard waived any absolute immunity argument by initiating its suit in this court.

Given the current posture of this case, staying further litigation of Duckhunt's Eleventh and Thirteenth Counterclaims during this appeal makes no sense to the court.  First, Duckhunt's Eleventh and Thirteenth Counterclaims are not the center of this case, especially given that Duckhunt has asserted numerous counterclaims which Old Standard has not sought to dismiss.  To allow these other counterclaims to be litigated while staying the discovery and litigation process of the Eleventh and Thirteenth Counterclaims is not sensible.

Second, this is not the traditional case in which a defendant seeks qualified immunity, thereby completely resolving the pending litigation if qualified immunity is found in its favor.  The claims asserted by Duckhunt are counterclaims, and Old Standard is clearly going to forge ahead with its discovery and litigation of its claims during the pending appeal.  In other cases involving absolute and qualified immunity arguments, the defendant seeks an immunity ruling

---

[17] *Wyoming DOT v. Straight*, 143 F.3d 1387, 1389-90 (10th Cir. 1998).

because an erroneous immunity ruling will result in wasteful ongoing litigation.[18]  But this litigation will continue to proceed, and both Old Standard and Duckhunt will proceed with discovery and other litigation matters during the pending appeal.  Indeed, Duckhunt notes that there are multiple parties with multiple claims, and hindering discovery for certain counterclaims while allowing the numerous parties to proceed with discovery on the numerous other claims does not appear sensible to the court.

Third, the court views Old Standard's absolute immunity argument to be lacking at best, and doubts the viability of this argument on appeal.

And fourth, according to 28 U.S.C. § 1292(b), the application for an appeal is discretionary.  The court sees no good reason to exercise discretion in favor of a stay.  The litigation claims brought by Old Standard, and the counterclaims brought by Duckhunt, appear intertwined to the point that allowing further discovery on the counterclaims would not hinder the already ensuing discovery process of both sides.

Since the court finds no good reason to stay either Duckhunt's Eleventh or Thirteenth Counterclaims during Old Standard's interlocutory appeal of the court's order, the court DENIES Old Standard's motion to stay the litigation of these counterclaims pending appeal [#75, 77].

---

[18] *See Mitchell v. Forsyth*, 472 U>S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

## CONCLUSION

The court GRANTS Old Standard's motion to certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court DENIES Old Standard's motion for a stay of Duckhunt's Eleventh and Thirteenth Counterclaims pending appeal [#75, 77].

SO ORDERED.

DATED this 25th day of July, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge